IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-10089-WEB-01, 02 |
| | ) |
| JAMES BOBBY BUTLER, | ) |
| MARLIN BUTLER, | ) |
| Defendants. | ) |
| ___________________________________ | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRETRIAL JAMES HEARING**

COME NOW, Defendants, James Butler and Marlin Butler, by and through their attorneys of record Kurt Kerns of Ariagno, Kerns, Mank & White, and Roger Falk of the Law Office of Roger L. Falk, P.A., respectively,and submits the following in support of their Motion for Pretrial ***James*** Hearing.

**I.**

**INTRODUCTION**

Counsel for Movants anticipate that the government may seek at trial to introduce prior out of court statements by the codefendants and possibly other unnamed individuals under the so-called "coconspirator" exception to the hearsay rule, Fed. R. Evid. 801(d)(2)(E). Counsel for Movants submit that the government will be unable to meet the strict foundational requirements for admitting such statements, and therefore any such statements must be ruled inadmissible. In order to avoid the prejudice which would occur if the government presented its foundation at

trial, counsel request that a ***James*** hearing be conducted pretrial to determine the admissibility of any alleged coconspirator statements.

**II.**

**THE GOVERNMENT WILL FAIL TO PROVE THE RELEVANT PRELIMINARY FACTS NECESSARY TO ADMIT ANY COCONSPIRATOR HEARSAY AGAINST MR. RENNEISEN**

The Federal Rules of Evidence prohibit the admission of hearsay, with limited exceptions. Fed. R. Evid. 802. The Rules define some classes of statements as nonhearsay, and thus admissible, including "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Coconspirator hearsay is only properly admissible if the trial court determines that:

> (1) a conspiracy is proven by a preponderance of the evidence; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course and furtherance of the conspiracy.

***United States v. Owens***, 70 F.3d 1118, 1123 (10th Cir. 1995).

"The party seeking to introduce hearsay testimony under this Rule bears the burden of proving the relevant preliminary facts." ***United States v. Perez***, 989 F.2d 1574, 1580 (10th Cir. 1993) (*en banc*). The court may consider the hearsay statement itself, as well as independent factors, in determining whether the government has established a conspiracy by a preponderance of the evidence. ***United States v. Gonzalez-Montoya***, 161 F.3d 643, 649 (10th Cir. 1998), *cert denied*, 526 U.S. 1033 (1999). *See also* Fed. R. Evid. 801(d)(2) ("The contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered

under subdivision (E).”). There must be “some independent evidence linking the defendant to the conspiracy.” ***Owens***, 70 F.3d at 1125.

The Tenth Circuit has cautioned that Rule 801(d)(2)(E) “is a limitation on the admissibility of coconspirators’ statements that is meant to be taken seriously.” ***Perez***, 989 F.2d at 1578 (mandating a strict construction of the Rule’s foundational requirements). Under these strict guidelines, the government will fail to provide an adequate foundation for admitting any statements of the above mentioned individuals under the coconspirator exception to the hearsay rule.

**A.**

**The Government Will Fail**
**To Prove The Existence**
**Of The Alleged Conspiracy**

Before attempting to show that Movants were members of a conspiracy, the government must first prove by a preponderance of evidence that a conspiracy existed. Proof of a conspiracy requires:

> (1) an agreement with another person to break the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement in the conspiracy; and (4) interdependence among the alleged conspirators.

***United States v. Vaziri***, 164 F.3d 556, 565 (10th Cir. 1999); *see also* ***United States v. Ailsworth***, 138 F.3d 843, 850 (10th Cir. 1998). “The gist of the offense of conspiracy . . . is *agreement* among the conspirators.” ***United States v. Falcone***, 311 U.S. 205, 210 (1940) (emphasis supplied). To find a single conspiracy, the court must be convinced that “the alleged coconspirators possessed a common, illicit goal.” ***United States v. Owens***, 70 F.3d 1118, 1126

(10th Cir. 1995).

Counsel for Movants submit that the government will fail to prove by a preponderance of evidence that a conspiracy existed among the defendants or others. Discovery received in the instant case suggests that there was not a single agreement among the individuals investigated in this matter and that those individuals did not possess a common, illicit goal.

**B.**

**The Government Will Fail To Prove That Movants Were Members Of The Alleged Conspiracy**

Even if the government proves that a conspiracy existed among any of the individuals targeted in this investigation, the government will be unable to prove by a preponderance of evidence that Movants were members of that conspiracy. In order for Movants to be declared a member of a conspiracy, the government must show that They both "knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action." Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instructions* (Vol. 2) at § 28.05 (4th ed. 1990). The Tenth Circuit has described the membership element of conspiracy as follows:

> This court has often noted that the essence of the crime of conspiracy is an agreement to violate the law. . . . While the agreement need not take any particular form, there must at some point be a meeting of the minds in the common design, purpose, or objects of the conspiracy. One cannot become a conspirator until he has entered such an agreement. . . . [M]ere knowledge or approval of or acquiescence in the object and purpose of a conspiracy without an

agreement to cooperate in achieving such object or purpose does not make one a party to a conspiracy.

***United States v. Butler***, 494 F.2d 1246, 1249 (10th Cir. 1974) (reversing three defendants' convictions for conspiracy to convert government property where, as to one, there was "no suggestion that [defendant] was ever aware of any specific plan" to commit the object crime; as to another, "we find no evidence of [defendant's] agreement to cooperate or of his actual cooperation"; and as to the third, evidence failed to show knowledge or agreement).

The government will be unable to show that Movants had knowledge of any alleged illicit agreement entered into by any of the alleged targets of this investigation. Moreover, even if, *arguendo*, the government can prove Movants' association and knowledge of an illicit agreement, it will fail to prove by a preponderance of evidence that Movants entered into that agreement with the intent to achieve an illicit objective. Federal courts have emphasized the agreement aspect of this foundational requirement, and cautioned that mere association with a conspiracy will not be sufficient to prove an agreement. *See* ***United States v. Beckham***, 968 F.2d 47, 51 (D.C. Cir. 1992) ("mere physical proximity and friendship" insufficient to support finding of conspiracy required for admission of statement under coconspirator exception); ***United States v. Arvanitis***, 902 F.2d 489 (7th Cir. 1990) (government failed to prove defendant "intended to join and associate himself with [the conspiracy's] criminal design and purpose" sufficient to admit statements under coconspirator exception); ***United States v. Whalen***, 844 F.2d 529 (8th Cir. 1988) (insufficient evidence of agreement to warrant admission of statement under coconspirator exception); ***United States v. Silverman***, 861 F.2d 571 (9th Cir. 1988) ("evidence of wholly innocuous conduct or statements by the defendant will rarely be sufficiently

corroborative of the coconspirator's statement to constitute proof, by a preponderance of the evidence, that the defendant knew of and participated in the conspiracy"; evidence that the defendant "merely associated with a member of a conspiracy" insufficient to admit statements under coconspirator exception). The analyses in these cases with respect to the foundational requirements for admitting evidence under the coconspirator exception to the hearsay rule are consistent with the Tenth Circuit's approach in substantive conspiracy cases:

> mere presence, as a passenger, in a car found to be carrying drugs is insufficient to implicate the passenger in the conspiracy. . . . Likewise, mere association with conspirators does not support a conspiracy conviction.

***United States v. Jones***, 44 F.3d 860, 865-66 (10th Cir. 1995) (evidence of defendant's mere presence in car containing 200 kilograms of hidden cocaine and association with drug-dealing cousin insufficient to sustain conspiracy conviction).

**C.**

**The Government Must Prove That Its Proffered Statements Were Made In Furtherance Of The Alleged Conspiracy**

Even assuming, *arguendo*, this Court finds that a conspiracy existed and Movants wer members of that conspiracy, counsel would request that this Court strictly apply the requirement that any statements proffered by the government under the coconspirator exception to the hearsay rule be made in furtherance of the alleged conspiracy. As the Tenth Circuit has instructed:

> The "in furtherance" requirement embodies the drafters' "desire to strike a balance between the great need for conspirators' statements in combating

> undesirable criminal activity which is inherently secretive and difficult of proof, and the need to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence." Weinstein's Evidence at 801-311 to -312 (footnotes omitted).
>
> The drafters' decision to retain the "in furtherance" requirement in adopting Rule 801(d)(2)(E) and to reject "'the Model Code -- Uniform Rule approach [which scrapped the requirement] should be viewed as mandating a construction of the "in furtherance" requirement protective of defendants, particularly since the Advisory Committee was concerned lest relaxation of this standard lead to the admission of less reliable evidence'". . . . A number of circuits have consequently construed this requirement strictly. . . .
>
> We applied the "in furtherance" test narrowly in *United States v. Wolf*, 839 F.2d 1387 (10th Cir. 1988) . . . when we held that statements are not in furtherance of the conspiracy if they are "mere narratives", that is "'statements relating to past events, even those connected with the operation of the conspiracy where the statement serves no immediate or future conspiratorial purpose,'". . .

***United States v. Perez***, 989 F.2d 1574, 1578 (10th Cir. 1993) (internal citations omitted); *see also* ***United States v. Gutierrez***, 48 F.3d 1134 (10th Cir. 1995) ("In general, mere narratives between coconspirators or narrative declarations of past events are not 'in furtherance'"); ***United States v. Urbanik***, 801 F.2d 692 (4th Cir. 1986) (coconspirator's statement was merely a casual aside and therefore not "in furtherance of" drug conspiracy so as to be admissible under coconspirator exception); ***United States v. Fielding***, 645 F.2d 719 (9th Cir. 1981) (hearsay declarations of coconspirators made to impress undercover officer in order to facilitate new conspiracy that did not include defendant were not "in furtherance of" charged conspiracy).

Consistent with these authorities, counsel for Movants would request that the Court not

admit any alleged coconspirator statements which were merely "idle chatter," "casual asides," or "mere narratives."

## III.

## A PRETRIAL *JAMES* HEARING IS NECESSARY TO AVOID THE RISK THAT THE GOVERNMENT WILL EXPOSE THE JURY TO INADMISSIBLE, PREJUDICIAL EVIDENCE AT TRIAL

In ***United States v. James***, 590 F.2d 575 (5th Cir. 1979), the Fifth Circuit set forth the preferred order of proof in establishing the foundational requirements of the coconspirator hearsay exception. Under ***James***, when the government proffers an alleged coconspirator statement, the court should require the government to prove the alleged conspiracy and connection of the defendant with it *before* admitting the proffered declarations of a coconspirator before the jury. ***Id.*** at 582.

The Tenth Circuit has endorsed the pretrial ***James*** hearing as the strongly preferred method within this circuit for determining admissibility of alleged coconspirator statements:

> The strongly preferred order of proof in determining the admissibility of an alleged coconspirator statement is first to hold a "*James* hearing" . . . outside the presence of the jury to determine by a preponderance of the evidence the existence of a predicate conspiracy. . . . The reason for this preference is that if the court provisionally admits a statement with the idea that the statement and other evidence will later "connect up" showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact "connect up."

***United States v. Urena***, 27 F.3d 1487, 1490-91 (10th Cir. 1994) (citations omitted).

This risk of prejudice, as illustrated by one jurist, may well result in a mistrial if the admissibility of coconspirator hearsay is not determined outside the presence of the jury:

> Allowing the government the leisure to connect-up the foundation to the proof at a later time substantially increases the risk that the jury will be exposed to inadmissible evidence that is highly prejudicial. In such instances a mistrial will often be required to eliminate the prejudice a cautionary instruction cannot cure, resulting in the "inevitable serious waste of time, energy and efficiency that accompanies a mistrial." [*James*] at 582; *United States v. Roe*, 670 F.2d 956, 962, n.2 (11th Cir. 1982). *See, e.g., United States v. Coffman*, No. CR 81-0-10 (D.Neb. Nov. 4, 1981) (memorandum order) (where after five calendar weeks of trial, the district court excluded voluminous putative coconspirator hearsay testimony and dismissed several of the major counts against the defendants because the "record was devoid of any competent independent evidence establishing the existence of a conspiracy.").

***United States v. Howard***, 706 F.2d 267, 270 (8th Cir. 1983) (McMillian, J., concurring).

For these reasons, and because counsel cannot predict which of the inflammatory statements of the codefendants and unnamed, unindicted individuals the government will attempt to produce at trial, counsel for Movants respectfully request a pretrial ***James*** hearing to determine the admissibility of statements under the coconspirator exception to the hearsay rule.

## IV.

## THE ADMISSION OF ALLEGED COCONSPIRATOR HEARSAY WILL VIOLATE MOVANTS' CONSTITUTIONAL RIGHTS TO CONFRONTATION

While counsel recognizes that the federal courts have thus far rejected constitutional challenges to evidence held admissible under Rule 801(d)(2)(E), *see* ***United States v. Molina***, 75 F.3d 600 (10th Cir. 1996); ***United States v. Urena***, 27 F.3d 1487 (10th Cir. 1994), in order to preserve this objection, counsel submits that any hearsay testimony of coconspirators who are not available for cross-examination at trial would violate Movants' rights under the confrontation clause of the Sixth Amendment to the United States Constitution and ***Crawford v. Washington***, 541 U.S. 36, 158 L.Ed.2d 177, 124 S.Ct. 1354 (2004).

## V.

## CONCLUSION

For the reasons stated herein, counsel for Movants respectfully request that the Court grant their motion for a pretrial ***James*** hearing.

Respectfully submitted:

ARIANGO, KERNS, MANK & WHITE, L.L.C.

BY /s/Kurt P. Kerns
Kurt P. Kerns #15028
Ariango, Kerns, Mank & White L.L.C.
328 North Main Street
Wichita, KS 67202
(316) 265-5511
Kurtpkerns@aol.com
Attorney for Defendant

By: /s/ Roger L. Falk
Roger L. Falk, Ks.sp.Ct. #09972
301 West Central Avenue
Wichita, Kansas 67202-1077
Telephone: 316-265-5115
Fax: (316) 265-5115
E-Mail: roger falk@sbcglobal.net
ATTORNEY FOR DEFENDANT
MARLIN BUTLER

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above Memorandum in Support was filed and served electronically pursuant to the CM/ECF system on November 22, 2010, on all counsel of record.

/s/ Kurt P. Kerns
Kurt P. Kerns

/s/ Roger L. Falk
Roger L. Falk