**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 10-10089-WEB-1** |
| | ) | |
| **JAMES BUTLER,** | ) | |
| **Defendant** | ) | |
| | ) | |

**DEFENDANT JAMES BUTLER'S MOTION FOR SEVERANCE OF DEFENDANTS AND MEMORANDUM IN SUPPORT**

COMES NOW the Defendant, James Butler, by and through his attorney, Kurt Kerns of Ariagno, Kerns, Mank & White, and pursuant to Rule 14 of the Federal Rules of Criminal Procedure, moves for a severance of his trial from that of codefendant Marlin Butler, for the reasons that a joint trial will result in great prejudice to James Butler and a denial of his Sixth Amendment right to confront the witnesses against him. In the alternative, James Butler moves for an order excluding Marlin Butler's statements to law enforcement from a joint trial of this matter. In support of this motion, counsel for James Butler shows as follows:

INTRODUCTION

James Butler and Marlin Butler have been jointly charged with conspiracy and substantive offenses under the Lacey Act, 16 U.S.C. § 3371 et seq. The charges in the instant case arise from an investigation of allegedly unlawful deer hunting practices at a hunting camp owned by James Butler in Kansas. On April 7, 2009, U.S. Fish and Wildlife Service Special Agent Kevin Ellis, Kansas

Department of Wildlife and Parks Natural Resource Officer Phil Kirkland, and Texas Parks and Wildlife Department Game Warden Jarrod Bryant interviewed Marlin Butler at his residence in Martinsville, Texas. During the course of the nearly four hour interview, Marlin Butler made numerous statements implicating James Butler in the alleged illegal activity at the hunting camp. Since Marlin Butler's statements implicating James Butler could not be admitted against James Butler in a joint trial, severance of defendants is warranted.

SEVERANCE IS WARRANTED BASED ON
***BRUTON V. UNITED STATES***

The Sixth Amendment's Confrontation Clause provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In ***Crawford v. Washington***, 541 U.S. 36 (2004), the United States Supreme Court held that the admission of testimonial statements of a witness who does not appear at trial violates the Confrontation Clause, unless the witness was unavailable to testify at trial and the defendant had a prior opportunity for cross examination. ***Crawford***, 541 U.S. at 68. A statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that his statement might be used in the investigation or prosecution of a crime. ***United States v. Summers***, 414 F.3d 1287, 1302 (10th Cir. 2005).

A defendant's Confrontation Clause rights are violated when his non-testifying co-defendant's confession naming him as a participant in the crime is

introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant. ***Richardson v. Marsh***, 481 U.S. 200, 201-02 (1987) (citing ***Bruton v. United States***, 391 U.S. 123 (1968)).

During his interview with law enforcement officers, Marlin Butler stated that James Butler was aware of the allegedly illegal deer hunting activity taking place as the camp. Marlin stated that he worked for James, that James was in control of all financial activities involving the camp, and that he (Marlin) did whatever James told him to do. Marlin discussed individual hunters who either paid or owed money to James for deer hunting at the camp. Marlin further stated that James instructed hunters to leave illegally killed deer at the kill site. Marlin claimed he was instructed to take the deer carcass elsewhere to remove the head and hide and dispose of the remainder of the carcass. According to Marlin's statement, James Butler also went into the field to retrieve some of the allegedly illegally taken deer.

The admission of Marlin Butler's statements will present Sixth Amendment confrontation problems under ***Bruton v. United States***, 391 U.S. 123 (1968). In ***Bruton***,

> the Supreme Court held that the Sixth Amendment right to confront adverse witnesses is violated if the defendant's non-testifying codefendant makes an extrajudicial confession that implicates the defendant and the Government introduces the confession into evidence at their joint trial, even if the jury is instructed to consider the confession only against the codefendant.

***United States v. Verduzco-Martinez***, 186 F.3d 1208, 1212 (10th Cir. 1999). If the codefendant exercises his Fifth Amendment privilege not to testify, the implicated defendant is unable to exercise his Sixth Amendment right to cross-examine and confront the codefendant's inculpatory statements. *See* ***United States v. Glass***, 128 F.3d 1398, 1402-03 (10th Cir. 1997). In the instant case, Marlin Butler's statements to law enforcement clearly implicate James Butler. Unless Marlin Butler waives his Fifth Amendment rights and chooses to testify, James Butler will be unable to cross-examine Marlin and confront his inculpatory statements.

When a ***Bruton*** problem exists, the Court may protect the defendant's Sixth Amendment rights by:

> (1) excluding the confession, (2) severing the trial, or (3) redacting the confession to avoid mention or obvious implication of the non-confessing defendant coupled with the use of limiting instructions. Severance or exclusion, however, may be required where the admission of the redacted statement distorts the meaning of the statement or excludes information substantially exculpatory of the declarant.

***United States v. Lujan***, 529 F. Supp. 2d 1315, 1322 (D.N.M. 2007) (citations omitted).

While the government frequently responds to ***Bruton*** severance motions with the suggestion that redaction will cure any ***Bruton*** problem, in the present case, redaction will be difficult, if not impossible. Redaction must eliminate not only the defendant's name but any reference to his existence. *See* ***Richardson v. Marsh***, 481 U.S. 200, 211 (1987). "Redactions which leave it obvious to whom the co-defendant's statement refers do not suffice to cure the problem." ***United***

***States v. Sarracino***, 340 F.3d 1148, 1159 n. 3 (10th Cir. 2003). If redaction either distorts the meaning of the original statement or excludes information substantially exculpatory to the declarant, severance is required. *See* ***United States v. Walters***, 188 F.R.D. 591, 601 (D. Kan. 1999).

Rule 14 of the Federal Rules of Criminal Procedure authorizes a severance when it appears that a defendant might be prejudiced by a joint trial. The admissions of a codefendant who is not subject to cross-examination would be highly prejudicial to James Butler since the jury may wrongfully use these statements against James. In order to assure James Butler his Sixth Amendment right to confrontation and his due process right to a fair trial, severance is warranted.

CONCLUSION

WHEREFORE, for the reasons set forth above, as well as those set forth in any brief or memorandum subsequently filed or at oral argument, Defendant James Butler prays that the Court order his case severed from the case of codefendant Marlin Butler for purposes of trial. In the alternative, James Butler requests an order excluding the Marlin Butler's statement to law enforcement from a joint trial of this matter. Additionally, James Butler prays for such other and further relief as to the Court seems just. Counsel respectfully requests a hearing and oral argument on this motion.

Respectfully submitted:
ARIANGO, KERNS, MANK & WHITE, L.L.C.
BY /s/Kurt P. Kerns
Kurt P. Kerns #15028
Ariango, Kerns, Mank & White L.L.C.
328 North Main Street
Wichita, KS 67202
(316) 265-5511
Kurtpkerns@aol.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion to Join was filed and served electronically pursuant to the CM/ECF system on November 22, 2010, on all counsel of record.

/s/ Kurt P. Kerns
Kurt P. Kerns