**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 10-10089-WEB-1** |
| | ) | |
| **JAMES BUTLER,** | ) | |
| **Defendant** | ) | |
| | ) | |

**MEMORNADUM IN SUPPORT**
**OF DEFENDANT JAMES BUTLER'S MOTION TO SUPPRESS**
**EVIDENCE OBTAINED AS A RESULT**
**OF THE EXECUTION OF TWO RESIDENCE SEARCH WARRANTS**

COMES NOW the Defendant, James Butler, by and through his attorney, Kurt Kerns of Ariagno, Kerns, Mank & White, and hereby submits to the Court his Memorandum in Support of Motion to Suppress Evidence. In support of this motion, counsel for James Butler shows to the Court the following:

## BACKGROUND

Based upon information obtained during an investigation of James Butler and his operation of a hunting camp in Kansas, U.S. Fish and Wildlife Service Special Agent John T. Brooks applied for two warrants to search two residences, one located in Center, Texas, and the other in Martinsville, Texas. From the incomplete copies of the two applications in defense counsel's possession,[1] it

[1] Although the government has been generous with discovery in the instant prosecution, defense counsel has received only incomplete copies of the two applications and affidavits for search warrant. Counsel has requested from the

appears that the two applications are identical except for the property description. Accordingly, both applications and warrants are being addressed in this memorandum and accompanying motion.

Based on Agent Brooks' two affidavits, search warrants were obtained on April 10, 2009, to search James Butler's residences in Center, Texas, and Martinsville, Texas. Various items were seized from both residences. The government has now charged James Butler with offenses under the Lacey Act, 16 U.S.C. § 3371 et seq., and intends to use against Mr. Butler evidence that was seized during the execution of those two warrants. For the following reasons, none of this evidence seized pursuant to the two search warrants is admissible at trial.

## ARGUMENT

### The Information in the Search Warrant Applications was Insufficient To Support a Finding of Probable Cause To Search the Two Residences

Agent Brooks' affidavits submitted in support of his request for the search warrants failed to set forth facts which would allow a neutral and detached magistrate to conclude that there was probable cause to believe that a violation of the Lacey Act was being committed at either residence, or that fruits, contraband or evidence of such a crime were then located on the premises. ***Illinois v. Gates***, 462 U.S. 213 (1983).

---

government the pages which are missing from the two applications. However, as of the time of drafting this memorandum and accompanying motion, those missing pages have not been received.

A law enforcement officer seeking the issuance of a search warrant must present to the magistrate facts supporting probable cause to believe that contraband, fruits of a crime and/or evidence of a crime are presently located at the place to be searched:

> Basic to search warrant protections is the requirement of probable cause. Its function is to guarantee a substantial probability that the invasions involved in the search will be justified by discovery of offending items. Two conclusions necessary to the issuance of the warrant must be supported by substantial evidence: that the items sought are in fact seizable by virtue of being connected with criminal activity, and that the items will be found in the place to be searched . . . .

Comment, 28 U. Chi. L. Rev. 664, 687 (1961). Counsel for Mr. Butler submits that the applications for search warrant failed to show probable cause that evidence of a crime would be found at those locations.

In order to support the issuance of a search warrant, there must be probable cause to believe that evidence relating to a crime will be found in the place to be searched. "Probable cause undoubtedly requires a nexus between [the contraband to be seized or] suspected criminal activity and the place to be searched." ***United States v. Rowland,*** 145 F.3d 1194, 1203 (10th Cir. 1998); ***United States v. Beck,*** 139 Fed.Appx. 950 (10th Cir. 2005). In ***Rowland***, the Court stated, "Probable cause to search a person's residence does not arise based solely upon probable cause that the person is guilty of a crime. Instead, there must be additional evidence linking the person's home to the suspected criminal activity." ***United States v. Rowland***, 145 F.3d 1194, 1204 (10th Cir. 1998).

Agent Brooks' affidavits recite that hunting trophies might be stored at the two Texas residences. However, the affidavits fail to show a nexus between the residences in Texas and the sought-after business records relating to the operation of a hunting camp in Kansas. The affidavits do not explain why the records of a Kansas-based commercial operation would be located in either of two Texas residences.

**The Officers Exceeded the Scope of the Warrant's Authorization By Seizing Items Not Named in the Warrant**

The seizures of items not specifically named in the warrant were warrantless seizures and the government cannot bear its burden of demonstrating that said seizures were justified by any recognized exception to the warrant requirement of the Fourth Amendment. ***Coolidge v. New Hampshire***, 403 U.S. 443 (1971).

The law enforcement officers executing the search warrant exceeded the scope of the warrant's authorization by seizing items not specifically named in the warrant without probable cause or any other constitutionally permissible justification. The officers so far exceeded the scope of any search which was purportedly authorized by the warrant that the search which occurred amounted to a general exploratory search prohibited by the constitution. ***Walter v. United States***, 447 U.S. 649 (1980); ***Coolidge v. New Hampshire***, 403 U.S. 443 (1971); ***Texas v. Brown***, 460 U.S. 730 (1983); ***United States v. Leon***, 468 U.S. 897 (1984).

## The Government Will Be Unable to Bear its Burden of Proving That the Officers' Reliance on the Search Warrant Was Objectively Reasonable, and Thus the "Good Faith" Exception Of *United States v. Leon* Is Inapplicable to this Case

The government will be unable to bear its burden of proving that it is appropriate to apply ***United States v. Leon***, 468 U.S. 897 (1984), in this case. The government has the burden of proving the applicability of ***Leon***. *See* ***United States v. Chandler***, 18 F. Supp. 2d 1240 (D. Kan. 1998) ("The government, rather than the defendant, bears the burden of proving that the agent's reliance upon the warrant was objectively reasonable.").

The Court in ***Leon*** set forth four situations in which the good faith exception would not apply:

> [1] Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth . . . . [2] The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role . . . ; in such circumstances, no reasonably well trained officer should rely on the warrant. [3] Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." . . . . [4] Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

468 U.S. at 923.

The standard is an objective one -- what a reasonably well-trained officer should have known about Fourth Amendment law, not merely whether the

particular officer was aware of the law under consideration. ***Leon***, 468 U.S. at 919 n. 20 ("We emphasize that the standard of reasonableness we adopt is an objective one . . . . The objective standard we adopt, moreover, requires officers to have a reasonable knowledge of what the law prohibits . . . ."). *See also* ***United States v. Leary***, 864 F.2d 592, 607 (10th Cir. 1988) ("In determining whether the exception should be applied, the "good-faith" inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization."); *cf.* ***United States v. Peltier***, 422 U.S. 531, 542 (1975) ("If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, *or may properly be charged with knowledge*, that the search was unconstitutional under the Fourth Amendment." (emphasis added)).

Finally, in applying ***Leon*** this Court is urged to keep in mind one jurist's observation that "[g]ood faith is not a magic lamp for police officers to rub whenever they find themselves in trouble." ***United States v. Zimmerman***, 277 F.3d 426, 437 (3rd Cir. 2002) (quoting ***United States v. Reilly***, 76 F.3d 1271, 1280 (2nd Cir. 1996)).

1.

*Agent Brooks' Applications for Search Warrant Were So Deficient In Showing Probable Cause That None of the Executing Officers Could Have Harbored an Objectively Reasonable Belief That Probable Cause Existed*

The good faith doctrine of ***Leon*** does not apply to "a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" ***Leon***, 468 U.S. at 923 (1984). Counsel for Mr. Butler submits that there are no facts in the affidavits which would lead to a reasonable belief that evidence of crime would be located at the residences at the time the warrants were sought or executed.

2.

*The Judge Issuing the Search Warrant*
*Abandoned His Judicial Role by Simply Deferring*
*To Agent Brooks' Unsupported Conclusions*

The good faith doctrine of ***Leon*** also does not apply if "the issuing magistrate wholly abandoned his judicial role [such that] no reasonably well trained officer should rely on the warrant." ***Leon***, 468 U.S. at 923. An issuing magistrate who simply defers to the unsupported conclusions of an officer applying for a search warrant abandons his judicial role such that no reasonably well-trained officer should rely on the warrant. *See, e.g.*, ***State v. Lum***, 27 Kan. App. 2d 113, 120 (2000) (refusing to apply ***Leon***; "[t]he magistrate's actions cannot be a mere ratification of the bare conclusions of others"); ***State v. Probst***, 247 Kan. 196, 203-05 (1990) (affirming trial court's own conclusion that ***Leon*** did not apply because he abandoned his judicial role when he issued a search warrant based on insufficient probable cause).

In the absence of sufficient facts in the applications for search warrant to support a finding of probable cause, the issuing judge in this case simply deferred

to Agent Brooks' conclusions, and thereby abandoned his judicial role such that no reasonably well-trained officer should have relied on the warrants.

3.

*The good faith doctrine cannot save unlawful warrantless seizures or search warrant executions*

The good faith exception to the exclusionary rule in ***United States v. Leon***, 468 U.S. 897 (1984) does not apply to warrantless seizures or to the execution of a search warrant. "[I]f a warrant has been improperly executed, the good faith exception will not save the ensuing search." ***United States v. Young***, 263 Fed. Appx. 710, 715-16 (10th Cir. 2008) (citing ***United States v. Medlin***, 798 F.2d 407, 410 (10th Cir. 1986)).

**The Fruits of the Above Fourth Amendment Violations Must Be Suppressed**

It has long been established that evidence or statements which were obtained pursuant to any invalid search warrant are inadmissible as "fruits of the poisonous tree." See ***Wong Sun v. United States***, 371 U.S. 471, 485-88 (1963); ***United States v. Lin Lyn Trading, Ltd.***, 149 F.3d 1112, 1116 (10th Cir. 1998); ***United States v. Hatfield***, 333 F.3d 1189 (10th Cir. 2003). In this case, the physical evidence seized from the two Texas residences, and any other evidence, tangible or intangible, obtained as a result of the search on April 10, 2009, all constituted fruit of a Fourth Amendment violation.

**Conclusion**

The searches and seizures conducted in the above-captioned case on or

about April 10, 2009, were accomplished in violation of the Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. All evidence, tangible and intangible, is the fruit of the unconstitutional searches and seizures as set forth above and must be suppressed.

Respectfully submitted:

ARIANGO, KERNS, MANK & WHITE, L.L.C.

BY /s/Kurt P. Kerns
Kurt P. Kerns #15028
Ariango, Kerns, Mank & White L.L.C.
328 North Main Street
Wichita, KS 67202
(316) 265-5511
Kurtpkerns@aol.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above Motion to Join was filed and served electronically pursuant to the CM/ECF system on November 22, 2010, on all counsel of record.

/s/ Kurt P. Kerns
Kurt P. Kerns