**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 10-10089-WEB-1** |
| | ) | |
| **JAMES BUTLER,** | ) | |
| **Defendant** | ) | |
| | ) | |

**<u>DEFENDANT JAMES BUTLER'S SUPPLEMENTAL MOTION TO SUPPRESS EVIDENCE</u>**

Comes now the defendant James Butler, by and through his counsel of record, Kurt Kerns of Ariagno, Kerns, Mank & White, and hereby submits this supplemental motion to suppress evidence, based upon the evidence presented at the evidentiary hearing on Monday, January 10, 2011. For the following reasons, defendant James Butler's previously filed motions to suppress should be granted.

## I.
## The Search Warrant Affidavits Omitted Material Information Regarding the Confidential Informant

Fish and Wildlife Service Agent Brooks' affidavits submitted in support of the applications for the issuance of the warrants relied in large part on information provided by a confidential informant. However, Agent Brooks omitted from his affidavits information necessary for the issuing magistrates to make a determination regarding the veracity of the anonymous informant and the reliability of his information.

While the credibility of an informant no longer hinges upon the strict ***Aguilar-Spinelli*** test, those factors remain relevant under the totality of the circumstances test:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*See* ***Illinois v. Gates***, 462 U.S. 213 (1983); ***Aguilar v. Texas***, 378 U.S. 108 (1964); ***Spinelli v. United States***, 393 U.S., 238 410 (1969).

The courts have allowed the government to establish in a variety of ways the reliability of confidential informants used in obtaining search warrants. For example, reliability of an informant may be demonstrated if the officer included information in the affidavit to show that facts provided by this informant had proven true in the past. "Prior experience with an informant permits an agent to vouch for the reliability of a confidential informant's statement based on personal knowledge." ***United States v. Holmes,*** 175 F.Supp.2d 62, 70 (D. Me. 2001). And while the tip of an ordinary citizen informant might be presumed reliable, such treatment is not accorded a tip from a criminal informant:

> Courts are much more concerned with veracity when the source of information is an informant from the criminal milieu rather than an average citizen who has found himself in the position of a crime victim or witness.

2 W. LaFave, *Search and Seizure* § 3.4 at p. 219 (4th ed. 2004).

In the present case, Agent Brooks intentionally or with reckless disregard for the truth omitted material facts from his affidavit in support of the search

warrant. Those omissions rendered allegations in the affidavit misleading and materially affected the probable cause determination. ***Franks v. Delaware***, 438 U.S. 154 (1978); ***United States v. Knapp***, 1 F.3d 1026 (10th Cir. 1993).

The Agent omitted from the facts he chose to share with the magistrate that the confidential informant stood accused of multiple federal wildlife violations and was cooperating with the government agents in an attempt to himself evade criminal prosecution.

It is a violation of the Fourth Amendment to "knowingly and intentionally, or with reckless disregard for the truth, 'include false statements in an affidavit for filing in support of a search warrant.' ***Franks***, 438 U.S. at 155. "Moreover, 'the standards of deliberate falsehood and reckless disregard set forth in *Franks* apply to material omissions, as well as affirmative falsehoods." ***United States v. McKissick,*** 204 F.3d 1282, 1297 (10th Cir. 2000). "To establish a *Franks* violation for material omission, a defendant must first establish by a preponderance of the evidence that officer omitted material information intentionally or with reckless disregard for the truth." ***United States v. Tisdale,*** 248 F.3d 964, 973 (10th Cir. 2001). Then, if the defendant meets this burden, the court examines the affidavits as if the omitted information had been included to determine whether the affidavit would still give rise to probable cause. Based upon the evidence presented at the January 10, 2011 hearing, with the inclusion of the omitted information about the confidential informant, the Court should conclude that probable cause was lacking and the search warrants should not have been issued.

The "good faith" exception to the Fourth Amendment exclusionary rule of ***United States v. Leon***, 468 U.S. 897 (1984), does not apply to the search warrants issued in the present case. A search warrant issued upon an affidavit containing material omissions of fact is not entitled to the protection of the good faith doctrine:

> Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

468 U.S. at 923.

**II.**
**The Officers Exceeded the Scope of Any Purported Legitimate Search When They Seized Items Not Constituting Illegally Taken Wildlife**

The executing officers exceeded the scope of the authorized searches by seizing items not provided for in the search warrants. As the testimony at the hearing established, the executing officers did not confine their seizures to items authorized by the warrants. The search warrants authorized the seizure of only illegally taken wildlife, not all wildlife. Agent Brooks testified that, of the 23 deer heads seized during the execution of the warrants, only 2 constituted illegally taken wildlife. Therefore, the seizure of 21 deer heads was beyond the scope of the search warrant and constituted an unconstitutional warrantless search.

A warrantless search such as occurred here may be upheld when three criteria are met: (1) the seizing officer must legitimately be where he is; (2) the item must be in plain view; and (3) its incriminating character must be

"immediately apparent." *See* ***United States v. Tucker,*** 305 F.3d 1193 (10th Cir. 2002); ***United States v. Hargus,*** 128 F.3d 1358, 1362 (10th Cir. 1997). Assuming for the sake of this argument, that the first two prongs are met, the seizure must be held unlawful because the incriminating character of the deer heads could not have been "immediately apparent" to the officers. As the agent testified at the hearing, the incriminating character of the deer heads was not immediately apparent.

The Fourth Amendment to the United States Constitution requires that search warrants "particularly describ[e] the . . . persons or things to be seized."

This particularity requirement:

> * * * prevents a "general, exploratory rummaging in a person's belongings," *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971) and "makes general searches . . . impossible and prevents the seizure of one thing under a warrant describing another. As to what is [to] be taken, nothing is left to the discretion of the officer executing the warrant." [Citations omitted.] "The particularity requirement [also] ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." * * *

***United States v. Leary***, 846 F.2d 592, 600 (10th Cir. 1988). When executing the warrants in the instant case, it was left to the officers' discretion to determine which items to seize. As a result, many items were seized for which probable cause was lacking.

As to matters of the execution of the search warrant, the government cannot rely upon ***Leon***, since ***Leon*** does not apply to the execution phase of the warrant process. As stated by the ***Leon*** majority:

> Our discussion of the deterrent effect of excluding evidence obtained in reasonable reliance on a subsequently invalidated search warrant assumes, of course, that the officers properly executed the warrant and searched only those places and for those objects that it was reasonable to believe were covered by the warrant. . . .

468 U.S. at 918 n.19. The good faith exception to the exclusionary rule in ***United States v. Leon,*** 468 U.S. 897, 920 (1984), does not apply to the execution, as opposed to the issuance, of search warrants. "[I]f a warrant has been improperly executed, the good faith exception will not save the ensuing search." ***United States v. Young,*** 2008 WL 313436 (10th Cir. 2008) (citing ***United States v. Medlin,*** 798 F.2d 407, 410 (10th Cir. 1986)). Because the seizure of 21 deer heads flagrantly exceeded the scope of the search warrants, the entire search should be invalidated.

## III.
## Total Suppression is Warranted under Tenth Circuit Law

Despite clear directions from the issuing magistrate to seize only illegally taken wildlife, Agent Brooks testified at the suppression hearing that he and his team chose instead to simply seize everything. This blatant disregard for the limits of the search warrant, as well as Government misconduct discussed in defendant's previously filed motions, so far departed from well-established Fourth Amendment law and resulted in such egregious constitutional violations in the instant case as to constitute a deprivation of the due process rights of the defendant under the Fifth and Fourteenth Amendments to the United States Constitution, requiring suppression of all evidence obtained as a result. ***United States v.***

***Medlin***, 842 F.2d 1194 (10th Cir. 1988) (during execution of federal search warrant issued to seize stolen firearms, federal officers executing warrant allowed state law enforcement officers to enter the residence during warrant execution and remove other items which state officers claimed were stolen property; court ordered suppressed all evidence seized during execution of the search warrant, including the stolen firearms otherwise properly seized pursuant to the warrant); ***United States v. Foster***, 100 F.3d 846 (10th Cir. 1996).

## IV.

## CONCLUSION

For the reasons set forth herein and in the defendant's previously filed motions to suppress evidence, the defendant respectfully submits that the searches and seizures conducted in the above-captioned case were accomplished in violation of the defendant's rights under the Fourth Amendment to the United States Constitution. All evidence, tangible and intangible, is the fruit of the unconstitutional searches and seizures as set forth above and must be suppressed. ***Wong Sun v. United States***, 371 U.S. 471 (1963).

WHEREFORE, the defendant prays that the Court issue an order suppressing the aforesaid evidence for the reasons set forth herein; and for such other and further relief as to the Court seems just.

Respectfully submitted,

**s/ Kurt P. Kerns**
Kurt P. Kerns #15028
Ariagno, Kerns, Mank & White, L.L.C.
328 North Main Street
Wichita, Kansas 67202
(316) 265-5511
Fax (316) 265-4433
E-mail: kurtpkerns@aol.com
Attorney for James Bobby Butler, Jr.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion to Continue was filed and served electronically pursuant to the CM/ECF system on January 12, 2011 on all counsel of record.

**s/ Kurt P. Kerns**
Kurt P. Kerns #15028
Attorney for James Bobby Butler, Jr.